## MUNICIPAL CORPORATIONS—CROSSINGS—NEGLIGENCE.

[Pickaway Circuit Court, May Term, 1900.]

Cherrington, Russell and Sibley, JJ.

### CIRCLEVILLE (CITY) V. ELLA M. SOHN.

1. EVIDENCE—PARTIALLY INCOMPETENT ANSWER TO QUESTION.

Where a witness is asked a question which is proper and competent, and the answer of the witness to it is partly competent and partly incompetent, and a motion is made to strike out the answer, it is not error to refuse to sustain such motion.

2. PRESUMPTION AS TO ALLOWING MOTION TO STRIKE OUT.

Where a witness for the plaintiff, upon cross-examination was asked and answered a question in reference to a matter competent for the defendant to prove, in support of its defense, but not inquired about upon direct examination, and a motion was made and sustained to strike out the the answer of the witness, the grounds of·the motion and the reason of the court for sustaining the same not appearing, it will be presumed that the court sustained themotion for the reason that the testimony was being introduced out of its order, the order of the introduction of testimony being discretionary with the court.

3. ANSWER EXPRESSING OPINION SHOULD BE STRICKEN OUT.

Where the question for the jury to determine was whether the plaintiff's injury was caused solely by the negligence of the defendant, or whether she was' guilty of contributory negligence which caused her injury, and the plaintiff having been asked a proper question, answered: "I was using all due caution," it was error for the court to refuse to strike out said answer upon defendant's motion for that purpose.

4. INSTRUCTIONS AS TO PURPOSE OF CERTAIN EVIDENCE.

In an action against a municipal corporation to recover damages for an injury alleged to have been caused by slipping and falling on an alley crossing, evidence having been offered tending to show that the alley crossing had been substantially in the same condition for a number of years, and that during that time divers persons had slipped or fallen at that point, the court should at the time of receiving said testimony, then instruct the jury that it can only be used by them for two purposes: First, as tending to show the defective condition of the alley crossing, at the point where the plaintiff claimed to have received her injury; and second, as tending to show that the city authorities had knowledge or should be charged with knowledge of such defective condition; but that it is not competent for them to consider such evidence for the purpose of proving that the defendant was negligent in permitting said alley crossing to be and remain in such condition, nor that such condition, as between the plaintiff and defendant, was the sole cause of her injury.

5. DEGREE OF CARE—APPREHENSION OF DANGER.

In an action for damages, where one of the issues is the contributory negligence of the plaintiff, an instruction which measures and limits the degree of care to be used by the plaintiff's apprehension of danger, is misleading.

**6. Receipt of Testimony without Objection—Motion to Disregard.**

In such an action, where the evidence shows that the plaintiff's injury was caused by some negligent act of the plaintiff, not alleged in the petition, and no objection is made to the introduction of such testimony, the objection cannot be saved by asking the court to charge the jury that they cannot consider such testimony.

**7. Degree of Care not Dependent upon Apprehension of Danger.**

In an action to recover damages from a municipal corporation on account of its negligence, it is necessary that the evidence should show that the plaintiff exercised that degree of care that an ordinarily careful and prudent person, under the same or similar circumstances, would have exercised, and an instruction which makes the degree of care to be used dependent upon the the apprehension of danger entertained by the plaintiff is misleading.

**8. Municipal Corporations—Crossings.**

Where the plaintiff claims to have been injured by falling on a defective crossing, it is necessary, in order to make a municipal corporation liable for damages, that it should have had notice of such defect, or that the defect existed for such length of time that it is presumed to have had such notice, and an instruction to the jury which does not contain such qualification as to the liability of a municipal corporation is erroneous.

**9. Accumulation of Ice and Snow—Rule as to Liability.**

A municipal corporation is not liable for an injury caused by the recent accumulation of ice and frozen snow on an alley crossing, which it knew or ought to have known was defective or out of repair, and which accumulation of ice and frozen snow on said crossing, in its defective condition, combined with its icy and slippery condition, caused the injury complained of, unless such accumulation of ice and frozen snow might reasonably have been anticipated as the natural and probable result of such defective construction or lack of repair.

**10. Adoption of Improper Plan for an Alley.**

A municipal corporation is not liable for an injury caused by reason of the improper plan of an alley crossing adopted by it until it be shown that it had notice that the plan so adopted by it was not reasonably safe for use under ordinary circumstances.

Heard on Error.

Cherrington, J.

This is a proceeding in error to reverse the judgment of the common pleas court of this county. The action in the court below was brought by one Ella M. Sohn against the city of Circleville to recover damages for an injury, which she claims to have received, on March 16, 1895, from a fall at the intersection of south area alley and the west side of Court street in said city, resulting, she claims, from the negligent and defective construction of the alley crossing at said point, together with ice and snow that had accumulated thereon making the same slippery.

The answer contains three defenses. The first and second defenses may be said to be denials; the the third defense sets up contributory negligence on the part of the plaintiff. There is a reply to the third defense which denies contributory negligence on the part of the plaintiff.

On the issue thus made the case went to trial before a jury, resulting in a verdict for the plaintiff. A motion was filed by the defendant asking for a new trial, which was overruled, to which ruling the defendant excepted. A bill of exceptions was prepared, allowed and filed, setting out all the evidence and the entire history of the case. A petition in error was filed in this court, by the defendant in the court below

Circleville v. Sohn.

assigning the errors claimed to have been committed by the lower court.

The first error which we will notice occurred in the testimony of Dr. Russ. The doctor was unable to be present at the trial of this case, but by agreement of counsel the testimony given by him on a former trial of this case which had been reduced to writing by a stenographer, was so far as the court held the same to be competent and relevant, read to the jury as being his evidence. On cross-examination by counsel he testified as to the condition of the street saying : "It was very bad," and on re-examination counsel asked him this question : "Q. I was going to ask you one thing, I understood you to say it was more dangerous or slippery than any other?" "A. Taking it on the average, yes, I may have made that remark, but I will say that I believe that it is, on the average, the most dangerous alley in Circleville, on account of the great slope it has, and on account of the roughness of the stone, the inequality and unevenness." The defendant moved to strike this answer out, which motion was overruled and exceptions taken by the defendant.

The question was a proper one as referring to matters the witness had stated on cross-examination, and the first part of the answer was proper, but the remainder of it was incompetent. If the motion of the defendant had been limited to the latter part of said answer, viz., " the most dangerous alley in Circleville on account of the great slope it has," etc., the motion, no doubt, would have been sustained. But the motion was too broad, it included a whole answer, some of which was perfectly competent. That being the case the court did not err in refusing to sustain the motion.

The next alleged error that we shall consider arose upon the examination of one Wayne Caldwell as a witness for the plaintiff. The witness was questioned as to the condition of the streets on which this accident happened, and probably as to other streets in the vicinity of where the accident occurred, and on cross-examination he was asked : "What was the condition of the other walks over which you passed that night ? " And the answer was : " I think they were all slippery." The plaintiff made a motion to strike this question and answer out, which motion was sustained, and the defendant excepted, and now claims that was error.

We think it was competent for the defendant to show the condition of the streets all over the city of Circleville on that night, for the sole purpose of reflecting upon the matter as to whether or not the plaintiff was guilty of contributory negligence, because if there was an unusual condition of snow and sleet and ice upon the streets in Circleville that evening, it is sufficient to say that that fact alone should have put the plaintiff on notice, and she should have been on the alert in traveling on any of the streets and in attempting to go over any of the crossings, and in that way it would reflect upon the question whether she was guilty of contributory negligence. While it was competent for the defendant to show this state of facts when it came to offer evidence in support of its case, it was not proper for it to do so in the first instance by cross-examining the witnesses of the plaintiff, unless testimony had been elicited by the plaintiff upon direct examination that justified such cross-examination. We do not see anything in the testimony of the witness on direct examination that justified his cross-examination at that time on that subject. The grounds of the motion are not stated

and the reason of the court for sustaining the same is not given, and as the court in its discretion had a right to control the order of the introduction of the testimony and refuse to permit that testimony to be introduced until the defendant reached its case, we must presume that the court acted upon the correct reason and sustained said motion because the testimony was being offered out of its order, so that there was no error in the ruling of the court on that point.

The next error alleged presents a more difficult and serious question. It arises in the testimony of the plaintiff, who, when upon the witness stand was asked this question: " State, Mrs. Sohn, how you were conducting yourself in going down to the alley crossing, at the point where you slipped, as to using care?" " A. I was using all due caution."

Defendant's counsel moved to strike this answer out, the motion was overruled and the defendant excepted.

The question being tried by the jury was whether the plaintiff's injury was caused by the negligence or want of care on the part of the defendant, and also whether the plaintiff, by reason of her own negligence or want of care, contributed to her own injury.

Negligence, as we understand it in this case especially, is a mixed question of law and fact which it was the duty of the jury to determine from the facts properly put before it. The plaintiff by her answer undertook to determine that very question. It was a question for the jury to say whether under all the circumstances she " was using all due caution," and not for her.

We are aware that it is difficult at times to get witnesses to confine their answers to the question propounded to them, and it probably was in this instance, but where the answer of a witness is clearly incompetent, it is the duty of the court, upon a motion being made for that purpose, to strike out the answer of the witness and withdraw its consideration from the jury. We have no hesitation in saying that the answer of the witness in this instance was wholly incompetent, and that the court in refusing to sustain the motion of the defendant to strike it out committed a prejudicial error.

The next alleged error arises upon the rejection of the evidence of John W. Stump and Howard Sweetman, who were both surveyors and who were both offered as witnesses by the defendant to prove that the alley crossing where the plaintiff received her injury was, in their opinion, constructed in the manner in which such crossings are usually and ordinarily constructed. In other words, the defendant attempted to examine these witnesses as experts, on the theory that they were better qualified, by reason of their profession, and that they had a better understanding of such matters than men in common, and it was objected that they were not experts, and the court so held.

Judge Okey, in Railroad Co. v. Shultz, 43 Ohio St., 282, on this question of experts, says: "A few general propositions are submitted, which, it is believed, fairly reflect the current of authority on the subject of the admissibility of the opinions of witnesses as evidence. 1. That witnesses shall testify to facts and not opinions is the general rule. * * *

6. Where it is practicable to place palpably before the jury the facts supporting their opinions, the witnesses should be restricted in their testimony to such facts, and the jurors left to form their opinions from these facts, unaided by the mere opinions of the witnesses."

Circleville v. Sohn.

We think that the sixth paragraph above quoted covers the case of these witnesses, and that that paragraph should govern in cases of this kind. The most that these witnesses could have testified to would have been in a comparative way ; they might have said that they had observed and knew something about such crossings as this; that they had seen crossings constructed in other cities and towns in the state of Ohio, and have compared them with this crossing in reference to which they were being questioned   That is as far as these witnesses could have been permitted to go concerning it.   We do not think that the court erred, therefore, in excluding both of these witnesses.

The plaintiff in the court below was permitted to prove by a large number of witnesses that they, the witnesses, had slipped or fallen, or that they had seen other persons slip or fall at the alley crossing where the plaintiff claimed she was injured. This testimony covers a long period of time prior to the injury of the plaintiff. The defendant claimed that this class of testimony if it was competent at all, was only competent for a limited purpose, and that it was the duty of the court at the time such testimony was received to instruct the jury for what purposes it was competent and might be considered by them.   At the conclusion of the testimony of the first witness offered by the plaintiff upon this branch of her case, counsel for defendant made the following request of the court :   " In reference to this class of testimony it has been held by the Supreme Court, and some of the circuit courts, that the court should charge the jury as to the purpose for which it is received, and the only purpose for which it can be used, and I would ask the court to instruct the jury, that it is competent only in proving a defective character of the street, and knowledge of the city of that fact, and it is not competent to prove actionable negligence on the part of the city at the time the injury was committed."

The court then said to the jury :   " I will say to the jury that the purpose of the testimony like this given by the last witness, to the effect that she had slipped and fallen on this crossing, where it was alleged the plaintiff met with her accident, is received for the purpose of showing knowledge on the part of the city authorities of the dangerous condition of the alley crossing, and that is as far as I will go now. When I come to instruct the jury in my general charge, I hope to lay down the correct rule with reference to that."   Thereupon counsel for the defendant excepted to the refusal of the court to charge the jury as requested.

The court in its general charge instructed the jury on that subject as follows :   " Evidence has been admitted tending to show that the alley crossing in question has been substantially in its present condition for a number of years, and that during that time divers persons have slipped or fallen at that point.   This testimony may lawfully be used by you for two purposes : First, as tending to show the dangerous condition at the alley crossing, and second, as tending to show that the city authorities had knowledge or should be charged with knowledge of such dangerous condition.   This knowledge, as to its dangerous condition, if such it was, should be brought home to the city in one or the other of the methods that I have stated, prior to the time that the plaintiff's injury occurred, so that if those accidents, if any such there were, which occurred at this time, would have the effect to prove knowledge material in this case, they must be shown to have occured previous

to the plaintiff's accident.    But if the surface and condition of the alley
since the accident has remained substantially as it was for a considerable
time before the accident. then you may consider the occurrence of the
other accidents there since the plaintiff received her injury, as tending
to prove the dangerous condition of such alley at the time and before
the plaintiff received her injury." To this portion of the charge as given
the defendant excepted.

The defendant then submitted the following special charges upon
that subject to the court, and requested that they be given in charge
to the jury, to-wit:

"I.    Evidence has been introduced to show that other persons,
other than the plaintiff, had fallen at the same place where the plaintiff
claims to have received her injury.    This evidence is only competent
to prove the dangerous character of this alley crossing, and that the
defendant had knowledge of the same.    It is not competent to prove
actionable negligence on the part of the city at the time plaintiff was
injured, and if other accidents, persons falling there, were caused by the
slipperiness of the ice, which ice was common to all parts of the city,
and not from the defect in the construction or keeping the same in
repair, then you cannot consider such evidence for any purpose."

"II.    Evidence has been admitted tending to show that the alley
crossing in question has been substantially in its present condition for a
number of years, and that during that time divers persons have slipped
and fallen at that point.    This testimony may lawfully be used by you
for two purposes: First, as tending to show the defective condition of
the alley crossing, at the point where the plaintiff claims to have
received her injury, and second, as tending to show that the city
authorities had knowledge or should be charged with knowledge of such
defective condition.    But it is not competent for you to consider such
evidence for the purpose of proving that the defendant was negligent in
permitting said alley crossing to be and remain in such condition, nor
that such condition, as between plaintiff and defendant, was the sole
cause of her injury."

The court refused to give both or either of the special requests
above quoted, and the defendant excepted to the ruling of the court.

Was there prejudicial error in the ruling of the court upon either
or all of these questions?

It is claimed by counsel for the defendant in error, that by a fair
construction being placed upon the language of the court below, that it
in effect, at least, if not in words, by its instruction to the jury given at
the time, and in its subsequent charge, limited the testimony in question
as requested by counsel for the defendant below.

Counsel for the plaintiff in error claimed that the jury were not
instructed in reference to the use which they might make of this testi-
mony in the manner required by law; they claim that the rule which
should govern in cases of this kind is laid down by our Supreme Court
in the second paragraph of the case of Brewing Co. v. Bauer, 50 Ohio
St., 560, and that that rule is peremptory on the part of the court,
when such testimony is introduced, to at the time instruct the jury as to
its proper limits.    That paragraph is as follows:

"2.    In an action by an employee against his employer for damages
resulting from an injury received in operating a machine, caused by its
defective construction, the defect being charged to the negligence of the

employer, it is competent to prove that, on a former occasion, while it was being operated by another, the machine worked in a manner similar to when the plaintiff was injured. But such evidence is only competent to prove the defective character of the machine and the employer's knowledge of the fact; it is not competent to prove actionable negligence on the part of the employer at the time the plaintiff was injured; and the jury should be so instructed at the time it is received."

We do not agree with counsel for defendant in error that the instruction and subsequent charge of the court below was a substantial compliance with the rule laid down by the Supreme Court, above quoted. That language of the court is in its nature mandatory.

By stating to the jury that evidence is competent for one purpose, it can hardly be assumed that that is equivalent to saying that it is competent for that purpose alone and cannot be considered for any other purpose. The jury were told that they might lawfully use this evidence for two purposes which were named by the court; counsel for defendant had in the presence of the jury requested the court to instruct the jury that they could only use said evidence for the two purposes named by the court and not for any other purpose. This request the court, in their hearing, had refused. Under these circumstances it is only reasonable to presume that the jury believed that they might use this evidence for all purposes, and especially for the purpose of proving negligence on the part of the defendant.

It is said by counsel for defendant in error that the syllabus of the case of Brewing Co. v. Bauer, *supra*, especially the second paragraph thereof, does not properly state the law of the case, when compared with the opinion of Judge Minshall, and that it must have been inadverdantly prepared or copied. We have read this syllabus carefully and also the opinion of Judge Minshall, and we do not think that the rule laid down in the syllabus differs from the rule laid down in the opinion delivered by Judge Minshall. We understand that the syllabus of the case is supervised by the entire court, and that the court is responsible for it and that it contains the law in the case. The judge writing the opinion may see proper to go outside and state matters which conflict with the syllabus and that frequently are not followed. We think the expression contained in the syllabus of Brewing Co. v. Bauer, *supra*, "should be instructed at the time it is received," is as plain as can be, and that it means what it says, and that the court made a mistake in not saying to the jury, as requested by counsel for the defendant at the time the testimony was introduced, that it was not to be considered as proving actionable negligence on the part of the city.

This same question was decided in Ashtabula v. Bartram, 2 Circ. Dec., 372, by the circuit court of Ashtabula county before the decision was rendered in Brewing Co. v. Bauer, and a very full and able opinion was delivered by Laubie, J., which is in full accord with the views expressed by the Supreme Court in Brewing Co. v. Bauer, and which we believe the true rule in this class of cases. See also to the same effect Brooklyn Street Railroad Co. v. Kelly, 3 Circ. Dec., 393.

Among the special charges requested by the plaintiff below and which were given were the following:

"No. 14. If you find that the sidewalk on the west side of Court street was the usual one for the plaintiff to take in walking to her house,

she was not obliged to leave it because it was icy, unless she had reason to apprehend danger, and that she could avoid it by taking some other route."

"No. 15. The sidewalk where the plaintiff was walking, and not the street was the usual and proper place for her to walk under ordinary circumstances and she is not chargeable with negligence in keeping on the sidewalk, because it was icy, unless she had reasonable ground to apprehend danger, and that she could avoid it by going on the street."

The defendant below excepted to the giving of these charges.

Both of those instructions, by a literal construction, may be said to be and probably are misleading, but that is as far as the objection should go. The question was not what the plaintiff below thought at the time, so much as what a prudent person under the same or similar circumstances should do. In view of the record in this case we would not feel like saying that either of these instructions were prejudicial.

The defendant below asked the court to give to the jury the two following special instructions:

"No. 3. If you find from the evidence that the plaintiff was injured at the time she avers in her petition by some act of negligence on the part of the defendant, but that the negligent act which caused her injury is not stated or averred in her petition as the cause, or one of the causes of the injury, then and in that event she cannot recover in this action."

"No. 4. If you find from the evidence that the plaintiff's injury was caused, without fault on her part, by the negligent and careless act and conduct of the defendant in permitting to be removed and in failing to replace certain stones from the alley crossing where she received her injury, and that that was the sole cause of her injury, then I charge you that she cannot recover in this action."

The court refused to give said charges or either of them and the defendant excepted.

These charges were asked upon the theory that the petition of the plaintiff did not charge or allege as one of the grounds of negligence on the part of defendant, that her injury was caused by the negligence of the defendant in permitting to be removed or in failing to replace stones that had been removed from the alley crossing where the injury was alleged to have occurred.

There was testimony offered by the plaintiff below upon this question and, so far as we can ascertain by an examination of the record, there was no objection made to its reception. If objection had been made to the introduction of such testimony, it certainly would have been excluded, but as it went in without objection it is too late now to object in this manner or in any other manner. We therefore think there was no error in refusing to give these charges.

The plaintiff below asked the court to give the following charge:

"No. 8. If you find from the evidence that the alley crossing where the plaintiff claims to have received her injury was defective in having such a slope as to render it unsafe for persons to pass over when covered with ice, or that it was rendered unsafe at such time by the removal of stones therefrom, prior to the time said injury was alleged to have happened, then and in such case I charge you, the defendant was negligent in failing to remedy such defect so as to have made said crossing safe."

The defendant excepted to the giving of this charge.

We think that that charge was defective by not being qualified in this way ; that is as to the defective condition, the city should have had reasonable notice as to the removal of stones, or that it must have been shown that the stones had been removed a sufficient length of time prior to the accident that notice to the city might have been presumed. So we think there was error in giving that special charge.

Special charge No. 8 which the defendant below requested the court to give, and which the court refused, was probably intended to be the converse of a portion of the general charge of the court on the same subject, and on which probably rests the most important feature of this case. Charge No. 8 which was requested to be given by the defendant below is as follows :

"No. 8. If you find from the evidence that the crossing over the alley where the plaintiff received her injury was defective, either by reason of its improper and negligent construction, or by reason of the negligence of the city in failing to keep the same in proper repair, or both, and that the city knew, or ought to have known, of said defect or defects, and if you further find that a short time before the plaintiff fell and received her injury said crossing had become covered with ice and frozen snow, then I charge you that you cannot infer from the fact that the city had knowledge of the defective condition of said sidewalk, that it also had knowledge of the accumulation of ice and frozen snow thereon, and if you further find that the plaintiff would not have received her injury except for the accumulation of ice and frozen snow on said alley crossing, then before she can recover she must show that the city authorities had knowledge of the accumulation of ice and snow on said crossing and neglected for an unreasonable length of time after receiving such notice to cause the same to be removed therefrom."

We think that charge was defective and that there was no error in refusing to give it. It lacks the following qualification :

" Unless the jury should also find that such accumulation of snow and ice might reasonably have been anticipated as the natural and probable result of such defective construction and lack of repair." With that qualification we think the instruction would cover the law in the case.

Now as to the general charge of the court on that point: it is as follows: "If the alley crossing in question was negligently constructed by giving it too abrupt and steep a slope or grade, or if the alley cross- ing became defective in the respects charged, and the city negligently, that is after reasonable notice, failed to remedy such defect, and those matters or any of them in connection with the slippery condition of the surface of the alley crossing were the cause of the plaintiff's slipping and falling, and if she wouldn't have fallen had said alley crossing been carefully constructed, or kept in repair after construction, then her acci- dent was chargeable to the negligence of the city, unless she was at fault herself."

To make that correct it should have had this simple qualification : " If the jury also find that such accumulation of snow and ice might reasonably have been anticipated as the natural and probable result of such defective construction and lack of repair."

Without that qualification that portion of the charge quoted, was objectionable and erroneous. See Beach on Contributory Negligence, page 48, note.

The following portion of the charge of the court is also excepted to: "The city is bound to adopt a reasonably sa'e and careful plan, and manner of construction of the alley crossing, and it was bound to know that the plan adopted and used was reasonably safe for persons to pass along and over the crossing." That is too broad; it covers too much. It instructs the jury in substance that if the injury was caused by an unsafe plan which had been adopted by the city, that the city became liable although it may have had prior to that time no notice or knowledge that the crossing or the plan thereof was unsafe. It proceeds upon the theory that because the plan was adopted by the city, that it was conclusively presumed to have knowledge of any and all defects therein, that might under any and all possible circumstances make the same dangerous, and that therefore its liability attached as soon as an injury occurred notwithstanding the fact that it may have had no knowledge or notice that the plan which it had adopted was defective or dangerous.

In Circleville v. Sohn, 59 Ohio St., 285 it was made a condition precedent to the right to recover for an injury caused by reason of an unsafe plan adopted by a municipal corporation, that the corporation should have notice of the unsafe condition of the plan.

The same holding was made by the Supreme Court in Dayton v. Taylor's Admr., 62 Ohio St., 11, decided February 20, 1900. We think that the two cases above mentioned are consistent with each other, and that by a careful examination it will be found that they both hold that before the city can be held liable, it must be shown that it had reasonable notice of the defect which is alleged to have caused the injury, and a reasonable time within which to repair that defect, although the defect which is alleged to have caused the injury may have been in the plan itself. For instance, where a city adopts a plan of improvement of its streets, and it turns out that an improvement made in pursuance of that plan is defective and dangerous, before the city can be held liable, it must have reasonable notice of the existence of the defect and a reasonable time within which to remedy it.

We have only attempted to allude briefly to what we consider the principal errors assigned. We have not undertaken to call attention to the numerous assignments of error, some of which are perhaps technically well taken, but we do not find any of them to be of substantial prejudice further than those we have mentioned. We did not examine the record as to the weight of the evidence, and we express no opinion thereon.

For the reasons given this judgment will be reversed.

*C. A. Leist*, city solicitor, and *Clarence Curtain* for plaintiff in error.

*Abernethy & Folsom, John Schleyer* and *Charles Gerhardt,* for defendant in error.